PEOPLE V SABOURIUNM DAVIS, No. 138333; Court of Appeals No. 284586.

FENDERSON V DEPARTMENT OF CORRECTIONS, No. 138341; Court of Appeals No. 287451.

PEOPLE V STRONG, No. 138343; Court of Appeals No. 288876.

MCKAY CONSULTING, INC V OAKWOOD HEALTHCARE, INC, Nos. 138347 and 138348; Court of Appeals Nos. 273196 and 273132.

PEOPLE V JACK SMITH, No. 138354; Court of Appeals No. 282505.

MARKMAN, J. (*concurring*). I concur in the Court's order denying leave to appeal. I write separately only to note that the Court of Appeals erred in its rationale for rejecting defendant's argument that he was entitled to a jury instruction on attempted arson. The court rejected this on the grounds that attempted arson constitutes a cognate offense of the charged offense, arson, and therefore such an instruction is not permitted under *People v Cornell*, 466 Mich 335 (2002).

*People v Cornell* construed MCL 768.32(1), which provides:

> Except as provided in subsection (2), upon an indictment for an offense, consisting of different degrees, as prescribed in this chapter, the jury, or the judge in a trial without a jury, may find the accused not guilty of the offense in the degree charged in the indictment and may find the accused person guilty of a degree of that offense inferior to that charged in the indictment, or of an *attempt* to commit that offense. [Emphasis added.]

Pursuant to this, footnote 7 of *Cornell* notes, "MCL 768.32(1) . . . also permits instruction on an attempt to commit [an] offense." *Cornell, supra* at 354 n 7.

*Cornell* and its progeny have largely focused on which offenses are necessarily included lesser offenses and which are cognate offenses. However, it cannot be overlooked that MCL 768.32(1) expressly authorizes an instruction for an "attempt" of a charged offense, even though an attempt may otherwise constitute a cognate offense. Where warranted by the evidence, such an instruction must be provided.

CORRIGAN and HATHAWAY, JJ. We join the statement of Justice MARKMAN.

PEOPLE V NELSON, No. 138355; Court of Appeals No. 281662.

PEOPLE V HETTICH, No. 138356; Court of Appeals No. 289104.

PEOPLE V CONAWAY, No. 138360; Court of Appeals No. 288989.

PEOPLE V ELLIOTT, No. 138364; Court of Appeals No. 289512.

*In re* REINSTATEMENT PETITION OF LEONARD, No. 138372; ADB: 07-87-RP.

CORRIGAN, J. (*not participating*). I am not participating because I was an Assistant United States Attorney involved in petitioner's original conviction.